**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| AARON GING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:11-cv-00484-RCJ-VPC |
| vs. | ) | |
| | ) | |
| COUNTRYWIDE HOME LOANS, INC. et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a standard foreclosure case involving one property. The Complaint filed in state court lists nine causes of action: (1) Unfair Debt Collection Practices Under Nevada Revised Statutes ("NRS") section 649.370; (2) Unfair and Deceptive Trade Practices Under NRS sections 41.600 and 598.0923; (3) Unfair Lending Practices Under NRS section 598D.100; (4) Breach of the Covenant of Good Faith and Fair Dealing; (5) Violation of NRS section 107.080; (6) Quiet Title; (7) Fraud; (8) Slander of Title; and (9) Abuse of Process. The case is not part of Case No. 2:09-md-02119-JAT in the District of Arizona but appears eligible for transfer. Defendants have moved to dismiss. For the reasons given herein, the Court grants the motion.

**I.    THE PROPERTY**

Plaintiff Aaron Ging gave lender American Brokers Conduit ("ABC") promissory notes for $136,000 and $22,500 to purchase property at 5364 Woods Dr., Sun Valley, NV 89433 (the "Property"). (*See* First Deed of Trust ("FDOT") 1–2, Nov. 10, 2004, ECF No. 4-8; Second Deed of Trust ("SDOT"), Nov. 10, 2004, ECF No. 4-9). First Centennial Title ("First Centennial") was the trustee and Mortgage Electronic Registration Systems, Inc. ("MERS") was the lender's

1  "nominee." Plaintiff refinanced the Property for $154,000 on December 21, 2006 with lender
2  Countrywide Home Loans, Inc. ("Countrywide") and trustee Recontrust Co., N.A.
3  ("Recontrust"). (*See* Refinance Deed of Trust ("RDOT"), Dec. 21, 2006, ECF No. 4-10). MERS
4  assigned the note and RDOT to BAC Home Loans Servicing, f.k.a. Countrywide Home Loans
5  Servicing, LP ("BAC"). (*See* Assignment, Sept. 3, 2010, ECF No. 4-11). Recontrust, the
6  original trustee on the RDOT, filed the notice of default ("NOD") based on a default of
7  unspecified amount on the RDOT as of June 1, 2010. (NOD, Sept. 3, 2010, ECF No. 4-12).
8  Recontrust noticed a trustee's sale for December 27, 2010. (*See* Notice of Trustee's Sale
9  ("NOS"), Dec. 7, 2010, ECF No. 4-14).

## II. ANALYSIS

The Court had in the past challenged MERS transfers as potentially improper, because MERS is typically not in fact a beneficiary and the scope of MERS' agency due to its designation as a "nominee" on a deed of trust is not clear enough without more to indicate that a lender intends to give MERS the ability to sell the beneficial interest on its behalf. However, several defendants have since brought to the Court's attention a common clause in MERS deeds of trust—also present in the DOT here—that indicates an intention to give MERS the broadest possible agency on behalf of the lender, including transfer of the beneficial interest. *See, e.g.*, *Smith v. Cmty. Lending, Inc.*, 773 F. Supp. 2d 941, 943–44 (D. Nev. 2011). The MERS assignment of the note and RDOT from Countrywide to BAC in this case was proper, because the DOT contains the relevant agency language. *See id.*; RDOT 4. Moreover, the transfer was likely superfluous in this case, because BAC was successor-in-interest to Countrywide.

The foreclosure was statutorily proper, and Plaintiff does not appear to deny default. The remaining claims fail for reasons given in substantively similar cases. Finally, Defendants adduce a copy of a Complaint filed and adjudicated in state district court in Clark County. In

that case (the "Clark County Case"), Plaintiff sued Countrywide on several of the claims listed in the present Complaint based on the foreclosure of five of his properties located variously in Las Vegas, Carson City, and Sun Valley, including the subject Property. (*See* Clark County Case Compl. ¶¶ 1–5, Dec. 13, 2010, ECF No. 4-16). On June 10 2011, the state district court granted a motion to dismiss and expunge the lis pendens when Plaintiff failed to file an opposition. (*See* Mins., June 10, 2011, ECF No. 4-17, at 2). The claims in the Clark County Case do not include quiet title or any other claim implicating *in rem* jurisdiction, so the Court will not decline jurisdiction. It will simply note that certain claims against Countrywide are precluded,[1] dismiss the remaining claims on the merits, and expunge the lis pendens.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss and Expunge Lis Pendens (ECF No. 4) is GRANTED.

IT IS FURTHER ORDERED that the lis pendens is EXPUNGED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 3rd day of October, 2011.

_____
ROBERT C. JONES
United States District Judge

---

[1] The precluded claims are declaratory relief as to Countrywide's violation of truth in lending laws, breach of contract, breach of the covenant of good faith and fair dealing, slander of title, unfair lending practices, and deceptive trade practices.